705 So.2d 98 (1998)
J.M., a Child, et al., Petitioners,
v.
STATE of Florida, Respondent.
Nos. 98-94, 98-96, 98-97, 98-99 and 98-100.
District Court of Appeal of Florida, Fifth District.
January 14, 1998.
James B. Gibson, Public Defender and James G. Whitehouse, Assistant Public Defender, Holly Hill, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee and Belle B. Turner, Assistant *99 Attorney General, Daytona Beach, for Respondent.
W. SHARP, Judge.
One issue is presented in this consolidated habeas corpus proceeding: can a juvenile court on its own motion order a child to remain in secure detention for 15 days while awaiting dispositional placement? The juvenile court in this case committed each of the five juvenile petitioners to the department for placement in a moderate risk facility, and ordered the children to be held in secure detention for "max time", 15 days, pending placement. Although the risk assessment instrument for each juvenile recommended secure detention, the department made no request for an extension of detention from 5 to 15 days pending placement.
Section 985.215(10)(a)1., Florida Statutes (1997), states that when a child is committed to the Department of Juvenile Justice awaiting dispositional placement, removal of the child from detention care shall occur within 5 days, excluding weekends and legal holidays. If a child is committed to a low or moderate risk residential program, the department may seek an order from the court authorizing continued detention for an appropriate time, not to exceed 15 days, excluding weekends and legal holidays.
Respondent notes that three of the juveniles have been released from secure detention, while two remain in secure detention. Respondent argues that the judge as well as the Department of Juvenile Justice can extend detention pending placement on its own motion. However, the plain wording of the statute indicates that a child must be placed within 5 days, unless the department requests and obtains a court approved extension. The purpose of such extension is to receive the necessary time for appropriate residential placement, not to maximize punishment. The court in ordering 15 days "max time" in detention did not indicate that this time was necessary for placement in an appropriate residential facility.
Because a court may only extend detention beyond 5 days pending a juvenile's placement in a moderate risk facility if the department shows that it is necessary for placement purposes, we grant the petition and direct that the juveniles remaining in secure detention be released.
PETITION GRANTED.
HARRIS and THOMPSON, JJ., concur.